IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL McCARTNEY,

        Plaintiff,

vs.                                      CIVIL NO.  02-344 LFG/RLP

JAMES FERNANDEZ, individually,
and as County Manager of Valencia
County: and THE BOARD OF COUNTY
COMMISSIONERS FOR THE COUNTY
OF VALENCIA,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 5]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Background

Plaintiff Michael McCartney ("McCartney") was an employee of Valencia County. He was terminated from his employment for alleged willful misconduct and thereafter utilized Valencia County's pre and post-termination hearing process. Following a post-termination hearing before a hearing officer, the County's actions were sustained. McCartney subsequently took an appeal of the hearing officer's decision to state district court, and that matter is currently pending in the Thirteenth Judicial District in a proceeding captioned, Michael McCartney, Appellant v. County of Valencia,

Appellee, Cause No. D-1314-CV-01-573. The matters in the administrative appeal have been fully briefed and that case is now ripe for adjudication.

On February 14, 2002, in a different court proceeding, McCartney filed a second lawsuit asserting wrongful termination of employment, breach of employment contract, violation of plaintiff's state constitutional rights, breach of implied covenant of good faith and fair deadline and intentional infliction of emotional distress. That case also was filed in the Thirteenth Judicial District under the caption Michael McCartney, Plaintiff, v. James Fernandez, as County Manager of Valencia County, and the Board of County Commissioners for the County of Valencia, Defendants, Cause No. D-1314-CV-02-154.

In early March, Defendants filed a motion in state court pursuant to Rule 1-012(b)(6) NMRA 2002 seeking dismissal of McCartney's second state lawsuit or, alternatively, requesting that the court consolidate this second lawsuit with the pending administrative appeal which arose out of his termination. After the motion was filed, McCartney responded by filing a First Amended Complaint against the same defendants, this time seeking damages for alleged wrongful termination of employment, breach of employment contract, violation of plaintiff's state constitutional rights, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and a 42 U.S.C. § 1983 claim alleging violations of substantive and procedural due process and equal protection. Because McCartney's First Amended Complaint invoked for the first time claims arising under a federal statute, 42 U.S.C. § 1983, Defendants removed the lawsuit to United States District Court.

## Present Motion

Defendants seek dismissal of McCartney's claims pursuant to Fed. R. Civ. P. 12(b)(6). In

response, McCartney concedes that certain claims should be dismissed, but intimates that these claims will be resurrected and tried in state court. In reply, Defendants object to McCartney's claimed forum shopping and state that the motions are presently before this Court and should be determined by this Court.

### **Plaintiff's State Constitutional Claims**

McCartney's lawsuit is brought against a governmental entity and a public employee for acts within the scope of their duties. N.M.S.A. 1978, § 41-4-4. Thus, to the extent McCartney asserts claims covered by the New Mexico Tort Claims Act, they may only be brought if there is a specific waiver of immunity. Ford v. New Mexico Dept. of Public Safety, 119 N.M. 405, 412, 891 P.2d 456, 553 (Ct. App. 1994); *cert. denied*, 119 N.M. 354, 890 P.2d 807 (1995); Begay v. State of New Mexico, 104 N.M. 483, 488, 723 P.2d 252, 257 (Ct. App. 1985), *reversed on other grounds*; Smialek v. Begay, 104 N.M. 375, 721 P.2d 1306, *cert. denied*, 479 U.S. 1020, 107 S. Ct. 677 (1986).

While there is an express waiver for constitutional torts when committed by law enforcement officers, no such waiver exists for other governmental entities or public employees. N.M.S.A. 1978, § 41-4-12. In Ford v. New Mexico Dept. of Public Safety, the court stated, "Although the Legislature cannot eliminate or limit a constitutional right, it need not provide a damages remedy for violation of that right." 119 N.M. at 412, 891 P.2d at 553. Thus, unless the New Mexico Legislature has specifically waived the immunity granted under the Tort Claims Act, a person may not sue a governmental entity or public employee for damages based on alleged violations of state constitutional rights.

Beyond the Legislature's failure to expressly provide for a waiver of immunity for constitutional violations, New Mexico law affirms that there is no right of action for damages for state

constitutional claims. *See, e.g.*, Jaramillo v. City of Albuquerque, 64 N.M. 427, 329 P.2d 626 (1958)(provision in state constitution adopting eight hour work day creates no private right of action); Caster v. Board of Ed. of Albuquerque, 86 N.M. 779, 782, 527 P.2d 1217 (Ct. App. 1974)(constitutional provision creating State Board of Education creates no private right of action).

Unlike claims arising under the federal Constitution, which may be brought pursuant to a federal statute, 42 U.S.C. § 1983, the New Mexico Constitution, while creating rights, does not authorize a cause of action nor does it provide a means or a manner in which a plaintiff can assert a private state constitutional claim. Indeed, given the fact that claims against the State can only be brought pursuant to provisions of the New Mexico Tort Claims Act, unless the Legislature specifically waives the State's immunity, no claim can be brought. Thus, claims which are filed without complying with the requirements of the Tort Claims Act, must be dismissed with prejudice.

Normally, orders dismissing claims pursuant to Rule 12(b)(6) are dismissed without prejudice so as to allow a plaintiff to restate a claim in order to withstand 12(b)(6) scrutiny. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (1990). However, when it would be futile to attempt to amend a complaint, as here, then the dismissal should be with prejudice. Thus, to the extent McCartney seeks to assert a private right of action for constitutional violations when allegedly committed by individuals other than law enforcement officers, the claims are not actionable as a matter of law and must be dismissed with prejudice.

### **Intentional Infliction of Emotional Distress**

New Mexico recognizes the tort of intentional infliction of emotional distress. Ramirez v. Armstrong, 100 N.M. 538, 540, 673 P.2d 822, 824 (1983). If McCartney's causes of action were against someone other than a governmental entity or public employee while within the scope of his

employment, McCartney could proceed on his tort claim. However, courts have repeatedly held that unless the State Legislature specifically waives immunity for a tort under the New Mexico Tort Claims Act, the tort may not be brought against a governmental entity or public employee. Begay v. State of New Mexico, 104 N.M. at 487, 723 P.2d at 256.

The State Legislature has simply not waived immunity for alleged intentional infliction of emotional distress. Garcia-Montoya v. State Treasurer's Office, 2001-NMSC-3 ¶ 49, 130 N.M. 25, 43, 16 P.3d 1084 (2001) (holding that there is no waiver of immunity for claim of intentional infliction of emotional distress); *see also*, Silva v. Town of Springer, 1996 NMCA-22 ¶ 27, 121 N.M. 428, 435, 912 P.2d 304 (Ct. App. 1996) (there is no waiver of immunity for intentional infliction of emotional distress or *prima facie* tort), *cert. denied*, 121 N.M. 375, 911 P.2d 883 (1996).

Based on this clear authority, the Court dismisses McCartney's claim for intentional infliction of emotional distress. This claim, too, is dismissed with prejudice as McCartney cannot re-plead around the Legislature's failure to specifically waive immunity for this tort.

## Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants seek dismissal of these claims because they were previously pled by McCartney and are currently pending in his initial administrative lawsuit. Defendants argue that allowing two lawsuits to proceed on different litigation tracks is improper. The Court agrees. There is a wealth of law prohibiting parallel litigation.

First, it contravenes the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, in that parties are forced to litigate the issue in two judicial fora. This increases the costs of litigation and adds to the delay in the ultimate disposition of the issue.

Courts generally follow the "first-to-file" rule. *See* Open LCR.COM, Inc. v. Rates Technology, 112 F. Supp. 2d 1223, 1230-31 (D. Colo. 2000). "The first-to-file rule may be invoked when a complaint raising the same issues against the same parties has previously been filed in another district court." Id at 1231. The rule promotes judicial efficiency. Id. Generally, this means that the earlier court of competent jurisdiction that first had the issue should be the proper court to resolve it. In this case, it is undisputed that the contract issues were raised in McCartney's administrative appeal presently pending before the Valencia County District Court.

Secondly, parallel litigation raises the specter of inconsistent determinations and serves only to add to confusion and lack of faith in the court process. For example, with two different courts hearing the same issues relating to breach of contract, it is conceivable that one could find a breach while the other would decline to so find. This potential for inconsistent determinations would only bring dissatisfaction and mistrust to the court process.

Third, parallel litigation raises problems concerning the application of *res judicata* and collateral estoppel. *See* Ericksen v. Village of Willow Springs, 876 F. Supp. 951, 95 (N.D. Ill. 1995) (discussing *res judicata* application in context of parallel state and federal actions). These issues can best be avoided by having one court consider and rule on the issue.

In McCartney's response to the motion, he concedes that the contract claims should be dismissed and states, "Plaintiff stipulates to the dismissal of his contract and State Constitutional claims and will pursue his remedies on these claims in The State District Court Action." (Response, p. 13). By this stipulation, the Court surmises that McCartney will not file a new lawsuit in state court asserting breach of contract, but will be bound by the ruling made by the Thirteenth Judicial District Court in Valencia County on the contract claims in Cause No. D-1314-CV-01-573.

Accordingly, the Court will dismiss McCartney's contract claims so that they may be adjudicated in his ongoing state litigation.

**Constitutional Claims**

Defendants also seek dismissal of McCartney's § 1983 claims. This dismissal, as previously noted, is pursuant to Fed. R. Civ. P. 12(b)(6). Motions to dismiss for failure to state a claim are infrequently granted. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (1990). The court is precluded from granting a motion to dismiss under 12(b)(6) unless the plaintiff can prove no set of facts in support of the claims that would entitled the plaintiff to relief. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995). In reviewing a motion to dismiss, the court must accept as true all well-pled allegations, id., and indulge all reasonable inferences in favor of the plaintiff. Weatherhead v. Globe Intern, Inc., 832 F.2d 1226, 1228 (10th Cir. 1987). Thus, the issue is not whether a plaintiff will ultimately prevail in his lawsuit, but whether the plaintiff is entitled to offer evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974). It is with these standards in mind that the Court considers Defendants' motion.

The facts which the Court considers as true for purposes of the motion are as follows:

McCartney was employed by Valencia County as the Director of Planning and Zoning, and as a supervisor of both animal control and building inspectors. (Complaint ¶ 2). His employment was governed by ordinances, policies and procedures adopted by Valencia County Commissioners. (Complaint ¶ 3). McCartney was a classified employee entitled to benefits of the personnel ordinance, together with disciplinary policies and procedures followed by Valencia County for other classified employees. (Complaint ¶ 5).

McCartney was successful in his employment, had been appointed as Director of the Planning and Zoning Department, and was given additional supervisory duties over other inspectors. (Complaint ¶ 6). He received steady raises and promotions in his employment and had never received negative performance evaluations. (Complaint ¶¶ 7, 8). McCartney was one of three members of a planning and zoning commission charged with the responsibility of reviewing proposed lot splits in the county (Complaint ¶ 9), and considered the lot split for Nash and Mary Jaramillo who wanted to split a lot into three separate lots for their children. (Complaint ¶ 10). Adjacent property contained homes that were on one acre or less. (Complaint ¶ 12).

A new country ordinance imposed a minimum lot size of two acres per dwelling and the new ordinance affected thousands of lots, which created thousands of non-conforming lots. (Complaint ¶¶ 13, 14). The ordinance was enacted without requisite publication and without personal service to property owners whose properties were affected. (Complaint ¶¶ 14, 15). McCartney, the Chairman of the County Commission, and Commissioner Fernandez approved the proposed lot split for the Jaramillos and authorized the split into three lots. (Complaint ¶ 17).

After having approved the lot splits, Commissioner Fernandez claims that he was misled by McCartney and commenced an investigation. (Complaint ¶¶ 18, 19). Subsequently, Commissioner Fernandez advised McCartney of his intent to terminate him, and initiated several baseless charges against McCartney. (Complaint ¶ 21). Fernandez's actions were in retaliation and were intended to deflect his own wrongdoing. (Complaint ¶ 22). McCartney contends that the initial hearing was biased, as Fernandez served as the hearing officer on his own complaint, and that Fernandez proposed termination rather than less discipline as required by law. (Complaint ¶¶ 23, 24).

McCartney further contends that the County Commission historically had reviewed all disciplinary actions in matters presented to them until the McCartney matter was presented for their review. (Complaint ¶ 43). McCartney also contends that at the hearing before the Commission, the prosecuting attorney was allowed to address the County Commission, but McCartney and his attorney were denied the opportunity to address the Commission on the matter of discipline. McCartney contends that the County Commission previously reviewed discipline imposed on similarly situated employees, but wrongfully failed to review the discipline imposed on McCartney.

Accepting these allegations as true, as the Court must, McCartney states claims for both substantive and procedural violations of rights.

Defendants argue that substantive due process claims must be more than ordinary torts and must shock the Court's conscience. Garcia v. City of Albuquerque, 232 F.3d 760, 771 (10th Cir. 2000). The Court agrees. However, the Court does not agree that the phrase "shock the conscience" must be included in McCartney's pleadings.

The federal rules of pleadings are intended to simply give notice. Fact pleading is no longer required. Evans v. McDonald's Corp., 936 F.2d 1087, 1090-91 (10th Cir. 1991). Here, it is sufficient for McCartney to state the basis of the claims and to plead essential elements. Defendants, on the other hand, are free to flush out the particulars during the course of discovery.

In reference to Defendants' argument concerning procedural due process, Defendants argue the merits of the claim and invite the Court to weigh evidence. However, that is improper at this stage of the proceeding. A Rule 12(b)(6) review is limited to a determination of whether the plaintiff has adequately pled a complaint. Here, the Court concludes that McCartney has stated requisite elements for relief.

While Defendants are not precluded from raising the same issues at the close of discovery by way of Fed. R. Civ. P. 56 motions for summary judgment, at this stage, the Court determines only whether the lawsuit can go forward without the need of an amended pleading. The Court concludes that McCartney's constitutional claims withstand Rule 12(b)(6) scrutiny.

## **Conclusion**

The Court dismisses, with prejudice, McCartney's state constitutional claims and state tort claims for the reasons stated herein. Those claims are dismissed with prejudice. The Court also dismisses McCartney's contract claims without prejudice. Those contract claims will be determined by the state court in McCartney's ongoing state litigation. Finally, the Court denies Defendants' 12(b)(6) motion to dismiss McCartney's 42 U.S.C. § 1983 claims.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Michael R. Griego, Esq.

ATTORNEY FOR DEFENDANTS:
H. Nicole Shamban, Esq.